Ross K. Meiners, Esq., #26064
**MEINERS LAW OFFICE, PLC.**
2 E. Congress St., Suite 900
Tucson, Arizona 85701
Tel. (520) 777-2198
Fax (520) 202-7317
ross@meinerslaw.com

**Attorney for Debtors**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FRANK T. MARTINEZ,<br><br>CAROL G. MARTINEZ,<br>　　　　　　　　　　Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 4:15-bk-15853-SHG<br><br>**STIPULATED ORDER CONFIRMING FIRST MODIFIED CHAPTER 13 PLAN** |

The First Modified Chapter 13 Plan ("Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Month | Payment |
|---|---|
| 1-9 | $1,353.00 |
| 10-12 | $1,407.00 |
| 13-48 | $1,766.00 |
| 49-60 | $2,169.00 |

The payments are due on or before the 17TH day of each month commencing **January 17, 2016**. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2016 - 2020 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. If the Debtors receive a tax refund in excess of $1,000.00, the Debtors shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses:

Attorney Fees. Ross Meiners shall be allowed total compensation of $4,500.00 for Chapter 13 flat fee, plus $600.00 for Additional Services for first modified plan fees under the confirmed plan. Counsel received $837.00 prior to filing this case and will be paid $4,263.00 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

(a) **Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not in its Individual Capacity, but solely as certificate trustee of NNPL Trust Series 2012-1,** secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $13,273.17 with 0% interest. Creditor's post-petition attorneys/claim fees of $300.00 will be paid through the Chapter 13 trustee. This is a conduit case and regular post-petition payments will be made by the Chapter 13 Trustee to the secured creditor.

The conduit shall be paid by the Trustee through the plan beginning in month January 2016 of the plan for the mortgage payment due January 2016. The conduit shall be paid through the plan a total of 60 months. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and adequate protection payments that have come due, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds.

Debtors and Creditor Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not in its Individual Capacity, but solely as certificate trustee of NNPL Trust Series 2012-1 also hereby stipulate and agree that Creditor shall receive payments direct from the trustee until the Debtor's residence is sold, and Creditor shall be paid in full from the proceeds of the sale of the residence when the sale occurs.

(b) **Pima County** shall be paid pre-petition taxes due of $6,347.30 with statutory 16% interest. All post-petition property taxes shall be paid directly by the Debtors to Pima County Treasurer.

(3) Claims Secured by Personal Property:

None.

(4) <u>Unsecured Priority Claims</u>:

None.

(5) <u>Surrendered Property</u>.

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

None.

(6) <u>Other Provisions</u>: **None.**

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

## ORDER SIGNED ABOVE

Approved as to Form and Content By:

_____ 4-11-17
Dianne C. Kerns, Trustee


/s/ Ross Meiners
_____
Ross Meiners
Attorney for Debtors

<u>Plan Summary</u>. If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

*In re Martinez, Frank and Carol*
*Case No. 4:15-15853-SHG*
-3-

Case 4:15-bk-15853-SHG    Doc 43    Filed 04/18/17    Entered 04/19/17 08:27:54    Desc
Main Document    Page 3 of 4

```
(1) Administrative expenses and claims..................................... $   4,263.00
    a. Chapter 13 case fees.............$3,663.00
    b. First Modified Plan fees........$600.00
(2) Ongoing post-petition mortgage payments................................ $  63,905.04
    a. Selene Finance.........$1,048.26 x 12 months
    b. Selene Finance...... $1,069.29 x 48 months (starting Feb 1, 2017)
(3) Priority claims....................................................... $       0.00
(4) Prepetition mortgage or lease arrears, or amount to cure defaults, including interest. ...... $  26,829.72
    a. Wilmington savings..............$13,273.17
    b. Pima County........................$13,556.55
    c. Selene Finance/Christiana Trust POC fees.... $300.00
(5) Secured personal property claims, including interest.................. $       0.00
(6) Amount to unsecured nonpriority claims................................ $     400.00
(7) Trustee's compensation (10% of plan payments)......................... $  10,599.00

    Total of Plan Payments............................................... $ 106,002.00
```

### Section 1325 analysis.

(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property. ............................. $ 0.00
    (b) Plus: Value of property recoverable under avoiding powers. .................... $ 0.00
    (c) Less: Estimated Chapter 7 administrative expenses                                $ 0.00
    (d) Less: Amount payable to unsecured, priority creditors. ....................... $ 0.00
    (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims
         if debtor filed Chapter 7................................................. $ 0.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
    (a) Amount from Line 59, Form B22C, Statement of Current Monthly Income. .......... $ 0.00
    (b) Applicable Commitment Period. .................................................. x 60
    (c) Section 1325(b) amount ((b)(1) amount times 60)............................... $ 0.00

**Estimated Payment to Unsecured, Nonpriority Creditors Under Plan:**      $ 400.00